[No. 1419. August 31, 1911.]

TERRITORY OF NEW MEXICO, Ex Rel. A. J. WELTER, Relator, Appellant, v. M. W. WITT, Respondent, Appellee.

### SYLLABUS.

1. Justices of the Peace in the Territory of New Mexico must be considered as precinct and not county officers within the terms of the Enabling Act, sec. 5, Act of June 20, 1910.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Chief Justice. Affirmed

W. C. REID, J. M. HERVEY and J. M. O'BRIEN for Appellant.

Territory v. Witt, 16 N. M. 335.

The jurisdiction of a justice of the peace extends over the entire county. Territory v. Weller, 2 N. M. 470; C. L. 1897, secs. 1231, 1676, 3230, 3232, 3330, 3335, 3337, 3343, 3344, 3349, 3267, 3243, 1774, 1797, 3449-3461, 3370, 3377, 3379, 3378, 3382; Ballantine v. Bower, 99 Pac. 869, Wyoming; Kerry v. State, 17 Tex. App. 178; 18 Am. Digest, sec. 40; State v. Chechester, 31 Neb. 325; Davenport v. County, 105 U. S. 107; Blair v. County, 111 U. S. 363; Nemaha v. Frank, 120 U. S. 41; Philadelphia v. Martin and Philadelphia v. Irvine, 125 Pa. 593; Sheboygan v. Parker, 3 Wallace 93, U. S.; State v. Kenyon, 7 Ohio 567; State v. Clark, 15 Atl. 831, N. J.; Neth v. Crofut, 30 Conn. 580; Iowa ex rel Nagle v. Coenzler, 9 Withrow 433, Ia.; Laws 1907, chap. 6; Words and Phrases, "County Officers."

DYE & DUNN for Appellee.

Justices of the peace are precinct, not county officers. C. L. 1897, secs. 617, 627, 1675, 1676, 1698, 1699, 3224, 3225, 1700, 1701, 2468, 3230, 3342; Laws 1903, chap. 38; Laws 1907, chap. 87; Laws 1899, chap. 19; Laws 1903, chaps. 7, 8, 27; Laws 1901, chap. 38; Laws 1909. chap. 6; Enabling Act, Act of June 20, 1910, secs. 4 and 5; New Mexico Constitution, art. 6, sec. 26; art. 5, sec. 13; art. 22, sec. 4; Meyer v. Culver, 35 Pac. 984, Ariz.; State v. Lovell, 12 So. 341, Miss.; Gertum v. Supervisors, 16 N. E. 328, N. Y. App.; People v. Garey, 6 Cowen 642; Leiber v. Argaubright, 105 Pac. 341, Okla.; Phillips v. Thralls, 26 Kas. 780; A. T. & S. F. R. Co. v. Rice, 14 Pac. 229, Kas.; ex parte McCullum, 1 Cow. 450; People V. Garey, 6 Cow. 642.

## OPINION OF THE COURT.

WRIGHT, A. J.—This is a proceeding by information in the nature of quo warranto to try the title of appellee to the office of justice of the peace in precinct No 1, Chaves County, New Mexico. The judgment of the lower court was pro-forma. It appears that the appellant, A. J. Welter, was the duly elected, qualified, commissioned

and acting justice of the·peace at and prior to the passage of the Act of Congress of June 20, 1910, known as the "Enabling Act." The appellee claims and now holds the said office as a result of an election held in January, 1911. The title of appellee to the office depends upon the validity of the election held in January, 1911. This election was called and held under the provisions of the statute of New Mexico, upon the regularly appointed day for such election. The contention of the appellant is that the Act of Congress to enable New Mexico and Arizona to form a state government, approved June 20, 1910, in section 5 thereof, continues in office until the admission of the commonwealth into the Union as a state, all territorial and county officers, and that a justice of the peace is a county officer within the terms of said section 5.

Section 5 of the Act of Congress of June 20, 1910, after providing for the first election under the new state government to be formed under the provisions of said act, provides: "Until the issuance of said proclamation by the President of the United States and until the said state is so admitted into the Union and said officers are elected and qualified under the provisions of the constitution, the county and territorial officers of said territory, including the Delegate in Congress thereof, elected at the general election in 1908, shall continue to discharge the duties of their respective offices in and for said territory; provided that no session of the territorial legislative assembly shall be held in 1911."

The contention of the appellant that a justice of the peace in New Mexico must be considered as a county officer is based upon various provisions of ·the · statute regulating the conduct and jurisdiction of justices of the peace. Section 3230, C. L. 1897, provides that the jurisdiction of the justices of the peace shall be co-extensive with the limits of the county in which they shall be elected, with a proviso that they shall reside and hold their office in the precinct for which they may be·elected. See, also, C. L. 1897, sec. 3232. This jurisdiction as to civil cases is apparently circumscribed in another section: Section 3337, C. L. 1897. All process by a justice of the peace is

directed to the "Sheriff or any constable of the proper county," and may be executed anywhere in the county. Sec. 3243, C. L. 1897. Justices of the peace are also required to make quarterly reports to the county commissioners. Sec. 1792, C. L. 1897. It is also unquestioned in New Mexico that a precinct has no corporate existence, but is a mere political sub-division of the county.

Arguing from the foregoing, counsel for appellant contend that a justice of the peace is a county officer.

With this contention we cannot agree. There are numerous other provisions of the statutes which clearly recognize a distinction between county and precinct officers. Sec. 1698, C. L. 1897, establishes the Tuesday after the First Monday in November, of the even numbered years as the day of election of the Delegate to Congress, *all the county officers* required by law to be elected in this territory, and for members of the legislative assembly. Sec. 3224, C. L. 1897, provides for the election of justices of the peace in January of each odd numbered year. It also appears from the territorial statutes that registration is required for the general election, while none is required for justice of the peace elections. In the case of the general election for county officers, the expenses of such election are paid by the county, while no expenses of the justice of the peace elections are paid by the county or by anyone, except the candidates themselves. It is fair to presume, therefore, that Congress, when it enacted the provisions of the Enabling Act contained in Section 5, was well aware of the fact that justices of the peace, constables and other minor officers were not elected at the general election, and that the laws of New Mexico made a clear distinction between county and precinct officers. It also appears that the legislature has recognized justices of the peace to be precinct officers, as distinct from county or territorial officers, in the creation of the new counties of McKinley, Luna, Roosevelt, Quay, Leonard Wood, Sandoval and Curry. In each of the acts creating such counties, definite provisions are made for the election or appointment of all precinct and school district officers, as distinct from county officers. It is therefore, apparent

that the legislature has always recognized justices of the peace as precinct, and not as county or territorial officers. Nor can it be contended that Congress, in the Enabling Act, or the Constitutional Convention, in the new constitution, recognized justices of the peace as county, territorial or state officers. Secs. 4 and 5, Act June 20th, 1910; Constitution, Sec. 26, art. 6; Sec. 13, art. 5; Sec. 4, art. 22. Sections 4 and 5, Act of June 20th, 1910, prescribes that the constitutional convention shall provide for an election to be held upon proclamation by the governor, at which election officers for a full state government, including governor, members of the legislature, two representatives in Congress and such other officers as the constitutional convention shall prescribe shall be chosen by the people. The constitution provides for the office of justice of the peace, but expressly makes them precinct officers. Sec. 26, Art. 6. The constitution also provides for the election of all state and county officers at general elections to be held at fixed times subsequent to the first election to be called by the proclamation of the governor. The constitution, however, makes no provision for the election of justice of the peace, constables, school directors or other minor officials, but the Constitution, Sec. 4, Art. 22, does provide that all laws of the territory in force at the time of its admission into the Union shall remain in force as the laws of the new state until altered or repealed. It is fairly to be presumed, therefore, that both Congress and the framers of the constitution intended that the existing territorial laws should govern the election of such precinct and school district officials.

Adopting the argument of the court (with necessary changes in phraseology) in the case of Railroad Company v. Rice, 14 Pac. 229, (Kas.) we admit that justices of the peace are, in some sense, justices of the peace in their respective counties and also in the territory, but, with the exceptions mentioned in the statutes, a justice of the peace can perform his official acts only in his own precinct. His court, as a court, has no existence outside of the limits of his own precinct. It necessarily follows, therefore, that justices of the peace in this territory must be

considered, as precinct, and not county officers, within the terms of section 5, of the Act of June 20th, 1910.